21583. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* JACKSON.

DECIDED FEBRUARY 16, 1932. REHEARING DENIED MARCH 2, 1932.

*H. A. Wilkinson, Fellon & Fellon,* for plaintiff in error.

*B. F. Neal, C. L. Shepard,* contra.

LUKE, J.   In an action in the superior court of Macon county, W. H. Jackson seeks to recover damages against Central of Georgia Railway Company for personal injuries resulting from the alleged negligence of the defendant.   A general and special demurrer to the petition as amended was overruled, and exceptions were taken. The only point urged as error in the judgment of the trial court overruling the demurrers is that the petition fails to allege facts sufficient to show that the injuries sustained by the plaintiff were the direct result of the negligence of the defendant, or, in other words, that the negligence of the defendant was the proximate cause of such injuries, but does show that such injuries were caused by the interposition of an independent agency.   It was alleged in the petition that the plaintiff at the time he was injured was in the place where his duty as a brakeman of a freight-train required him to be, that he was exercising every possible care for his own safety in the circumstances, and that the defendant was negligent in that the engineer failed to stop the train when signalled to do so by petitioner, that the engineer negligently and carelessly backed the train over the public crossing in Montezuma without carefully observing the crossing as he backed the train thereon, that he failed and refused to recognize the quick-stop signal given by petitioner, or negligently and carelessly failed to observe such quick-stop signal, that he failed to stop the train and avoid collision with an automobile, when the automobile was in plain view of the engineer and the collision could easily have been avoided by the application of the brakes, and that the fender of the automobile was forced against petitioner's leg, that the engineer failed to stop after the collision with the automobile, but continued pushing and shoving the train

about eighty feet further down the track, and continued pressing the automobile and its fender against petitioner's leg, and there were other allegations showing in what manner plaintiff's injuries were sustained as the result of the collision. We are of the opinion that the petition as amended was not subject to the objections urged, and that the trial judge did not err in the judgment overruling the demurrer to the petition as amended.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*