## 22767. CENTRAL OF GEORGIA RAILWAY COMPANY
## v. JACKSON.

DECIDED APRIL 26, 1933.

*John B. Guerry, H. A. Wilkinson, Henry Wilkinson,* for plaintiff in error.

*C. L. Shepard, B. F. Neal,* contra.

SUTTON, J. The railway company was sued for damages because of the alleged negligence of the defendant's engineer. The petition set up: that the plaintiff was a brakeman of the defendant and was working on the train at a place where he should have been; that is on the short-ladder side of a freight-car as the same was backed over a crossing in a city; that as the train approached the crossing he saw an automobile approaching; that he gave the engineer the quick-stop signal, and the engineer failed to heed it; that the engineer saw or could have seen the danger to which the plaintiff was subjected, but continued to back the train; that the plaintiff was on the short ladder and could not climb higher, and could not jump from the train, as that would have greatly increased the peril of the position in which he found himself; that the automobile collided with the train and smashed his leg; and that the engineer continued to back the train for some distance after the collision. The defendant demurred to the petition, and the demurrer was overruled. The defendant excepted and brought the case to this court, where it was held that the petition set out a cause of action. *Central of Georgia Railway Co.* v. *Jackson,* 44 *Ga. App.* 724.

On the trial the evidence was conflicting, but from it the jury were authorized to find that the plaintiff was injured by reason of the failure of the defendant's engineer to heed the quick-stop signal given by the plaintiff, that the engineer saw or could have seen the perilous position in which the plaintiff was placed, and, if the engineer had heeded the stop signal, the train could have been stopped in time to prevent the collision which injured the plaintiff. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which it amended by adding certain additional

grounds termed special grounds, but which are in effect only general grounds, the same assigning error on the verdict as being contrary to law and without evidence to support it, and because the evidence showed that the plaintiff failed to use ordinary care for his own protection. There were no assignments of error upon any action of the court in admitting or excluding evidence, in charging, refusing, or failing to charge the jury, or other proper subject-matter of a special ground of a motion for a new trial. The verdict was authorized by the evidence, and this court will not reverse the judgment of the trial court in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*